**FILED**

JUN 1 6 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Case: 1:11-cv-01116
Assigned To : Jackson, Amy Berman
Assign. Date : 6/16/2011
Description: Admin Agency Review

NATIONAL RESTAURANT ASSOCIATION
1200 17th Street, NW
Washington, D.C. 20036

COUNCIL OF STATE RESTAURANT
ASSOCIATIONS, INC.
5024-R Campbell Blvd.
Baltimore, MD 21236

NATIONAL FEDERATION OF
INDEPENDENT BUSINESS
1201 F Street, NW, Suite 200
Washington, D.C. 20004

       Plaintiffs,

       v.

HILDA L. SOLIS, sued in her official capacity,
Secretary, United States Department of Labor
Frances Perkins Building
200 Constitution Avenue
Washington, D.C. 20210

NANCY LEPPINK, sued in her official
capacity, Acting Administrator,
United States Department of Labor,
Wage and Hour Division
Frances Perkins Building
200 Constitution Avenue
Washington, D.C. 20210

UNITED STATES DEPARTMENT OF
LABOR
Frances Perkins Building
200 Constitution Avenue
Washington, D.C. 20210,

       Defendants.

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiffs NATIONAL RESTAURANT ASSOCIATION ("NRA"), the COUNCIL OF STATE RESTAURANT ASSOCIATIONS, INC. ("CSRA") and the NATIONAL FEDERATION OF INDEPENDENT BUSINESS ("NFIB") (collectively "Plaintiffs") seek declaratory and injunctive relief against Defendants HILDA L. SOLIS, in her official capacity as Secretary of the United States Department of Labor, NANCY LEPPINK, in her official capacity as Acting Administrator of the Wage and Hour Division ("WHD") of the United States Department of Labor, and the UNITED STATES DEPARTMENT OF LABOR (collectively, "Defendants" or "DOL") for violating Federal law.

2.      This civil action seeks judicial review of new tip credit notice requirements in the final amendments to regulations interpreting the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), and the Portal-to-Portal Act, 29 U.S.C. §§ 251 et seq., published by Defendants' on April 5, 2011, effective May 5, 2011, that apply to employers nationwide.

3.      Plaintiffs bring this action under Sections 611 and 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 611, 702.

4.      Plaintiffs seek an order from this Court declaring unlawful, vacating, and enjoining implementation of the final amendments to the tip credit notice requirements, 29 C.F.R. § 531.59(b), published on April 5, 2011 and effective on May 5, 2011.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 5 U.S.C. § 611 ("a small entity that is adversely affected or

aggrieved by final agency action is entitled to judicial review of agency compliance" with the regulatory flexibility analysis requirements); and 5 U.S.C. § 702 ("[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

6.      Venue is proper under 28 U.S.C. § 1391(c) because: (1) Defendants reside in the District of Columbia, (2) a substantial part of the events giving rise to the claim occurred in the District of Columbia, and (3) the Plaintiffs NRA and the NFIB reside in the District of Columbia.

7.      This Court can grant declaratory and injunctive relief under 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief), 5 U.S.C. §§ 601 *et seq.*, 5 U.S.C. §§ 701 *et seq.*, and 29 U.S.C. § 201 *et seq.*

## PARTIES

8.      Plaintiff NATIONAL RESTAURANT ASSOCIATION is a national trade association representing the restaurant and foodservice industry, an industry that employs approximately 12.8 million employees in 960,000 employer locations around the country. The NRA is headquartered in Washington, D.C. and, since 1919, has been the restaurant industry's leading national trade association, representing members before Congress, the Executive Branch and in the Courts on matters that impact NRA members, and working to help its members build customer loyalty, find financial success and provide rewarding careers in restaurant and foodservice. The NRA is an organization dedicated to assisting its members achieve their business goals and actively advocates for its members. The NRA has over 380,000 member locations, which include restaurants and foodservice

organizations, suppliers, educators and non-profit organizations.  Many members of the NRA employ tipped employees paid under the tip credit approach permitted under Section 203(m) of the FLSA, 29 U.S.C. § 203(m), and are subject to the new DOL tip notice requirements challenged in this complaint.

9.     Plaintiff COUNCIL OF STATE RESTAURANT ASSOCIATIONS, INC. is a key industry organization whose members include state restaurant associations. CSRA is comprised of state restaurant trade associations of the United States, the District of Columbia, the Commonwealth of Puerto Rico and any territory or possession of the United States. Most of the CSRA member state restaurant trade associations have restaurant members that employ tipped employees who are paid under the FLSA tip credit approach permitted under Section 203(m) of the FLSA, 29 U.S.C. § 203(m), and are subject to the new DOL tip notice requirements challenged in this complaint.

10.    Plaintiff NATIONAL FEDERATION OF INDEPENDENT BUSINESS is the nation's leading association of small businesses and has a presence in all 50 States and the District of Columbia. Founded in 1943 as a nonprofit, nonpartisan organization, NFIB's mission is to promote and protect the right of its members to own, operate, and grow their businesses.  The NFIB represents approximately 350,000 member businesses nationwide.  While NFIB members range from sole proprietor enterprises to firms with hundreds of employees, the typical NFIB member has ten (10) employees and reports gross annual sales of approximately $500,000 per year (and, thus, covered by the FLSA). Over 11,000 NFIB members are eating and drinking establishments, and many employ tipped employees paid under the FLSA tip credit approach permitted  under Section

203(m) of the FLSA, 29 U.S.C. § 203(m), and are subject to the new DOL tip notice requirements challenged in this complaint.

11.    Plaintiffs' members include many small entities as the term is defined by 5 U.S.C. § 601(6).

12.    Congress has granted the Secretary of Labor, Defendant HILDA L. SOLIS, the power to administer the FLSA.  *See* 29 U.S.C. § 204.  The Office of the Secretary of Labor is located in the Department of Labor in Washington, D.C.  Ms. Solis is sued in her official capacity.

13.    Pursuant to specific delegations of authority from Congress, Defendant THE UNITED STATES DEPARTMENT OF LABOR is the federal agency charged with the administration and enforcement of the FLSA, including promulgating regulations interpreting and implementing the FLSA.  *See* 29 U.S.C. § 204.  DOL is headquartered in Washington, D.C.

14.    The FLSA also authorizes the creation of a Wage and Hour Division ("WHD") in the Department of Labor under the direction of an Administrator.  *See* 29 U.S.C. § 204.  The position of Administrator is currently vacant.  However, Defendant NANCY LEPPINK was appointed Acting Administrator of the Wage and Hour Division in January 2011.  In this capacity, Ms. Leppink was responsible for promulgating the final amendments to regulations interpreting and implementing the Fair Labor Standards Act of 1938 ("FLSA") and the Portal-to-Portal Act published by Defendants' on April 5, 2011.  The Office of the Acting Administrator is in the WHD, in DOL in Washington, D.C.  Ms. Leppink is sued in her official capacity.

## STANDING

15.     Plaintiffs have standing to bring this litigation under the APA.

16.     Many of Plaintiffs' members have tipped employees paid under the FLSA tip credit approach.   Such members have suffered a direct harm because of DOL's implementation of the amended tip credit notice requirements, 29 C.F.R. § 531.59(b). Accordingly, many of the Plaintiffs' members have standing to bring this suit in their own right, and thus, Plaintiffs, representing those members, may bring this action on their behalf. *Hunt v. Wa. Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).  *See also Nat'l Ass'n of Mfrs. v. DOL*, 159 F.3d 597, 600 (D.C. Cir. 1998).

17.     The mission of each of the Plaintiffs is to promote, represent and advocate for the rights of their members, or any segment thereof, on matters of collective interest. It is in furtherance of this purpose, and on behalf of the rights of their members, that Plaintiffs bring this suit.

18.     None of the claims asserted through this lawsuit, nor the relief requested, requires the direct participation of Plaintiffs' members.

## STATUTORY AND REGULATORY FRAMEWORK

19.     The FLSA requires that employers covered by the statute pay hourly employees at least the statutory minimum wage for all hours worked up to 40 in a workweek. 29 U.S.C. § 206.   The FLSA further requires that employers covered by the statute pay overtime wages to employees who work more than 40 hours per week, unless they are specifically exempted from overtime pay requirements. 29 U.S.C. § 207(a)(1).

20.     In 1966, Congress amended Section 3(m) of the FLSA, 29 U.S.C. § 203(m), which defines the term "wages," to permit employers to pay tipped employees

a reduced hourly wage by allowing employers to credit the tips received by a tipped employee towards meeting the minimum wage requirements. A "tipped employee" is defined by the FLSA as "any employee engaged in an occupation in which he [or she] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

21.    DOL promulgated regulations regarding the Section 3(m) tip credit provision in 1967. Section 3(m) of the FLSA was amended by Congress in 1974 and again in 1996. The DOL tip credit regulations, however, remained unchanged until April 2011.

22.    Section 3(m) of the FLSA imposes the following conditions which must be met for an employer to take a tip credit: (1) the employer must pay tipped employees an cash wage of at least $2.13 per hour; (2) an additional amount of tips (currently $5.12) has been received by the employees and, when combined with the cash wage, is equal to the minimum wage (currently $7.25 per hour); (3) the tipped employees have been informed by the employer of the provisions of Section 3(m); and (4) all tips received by such employees have been retained by the employee except for any pooling of tips among employees who customarily and regularly receive tips.

23.    In 2008, the WHD of the DOL issued a Notice of Proposed Rulemaking, which set forth the DOL's proposed amendments to the regulations interpreting the FLSA and the Portal-to-Portal Act of 1947, including proposing minor and immaterial changes and technical updates to the tip credit regulations which were intended to conform to statutory enactments after 1967 and to incorporate established federal case law. *Updating Regulations Issued Under the Fair Labor Standards Act, Notice of Proposed Rulemaking,* 73 Fed. Reg. 43654 at pp. 43656-57, 43659-50 and 53667-68 (July 28,

2008) ("2008 NPRM") (proposing minor amendments to 29 C.F.R. §§ 531.7, 531.50(a), 531.50(b), 531.51, 531.52, 531.54, 531.55(a), 531.55(b), 531.56(a)-(e), 531.57, 531.58, 531.59, and 531.60). The 2008 NPRM was opened to public comments as required by the Administrative Procedure Act. 5 U.S.C. § 553.

24.     On April 5, 2011, the WHD of the DOL published its final amendments to regulations interpreting the Fair Labor Standards Act of 1938 (FLSA) and the Portal-to-Portal Act of 1947, including a regulation amending 29 C.F.R. § 531.59(b) regarding the Section 3(m) tip credit notice provisions. *Updating Regulations Issued Under the Fair Labor Standards Act, Final Rule,* 76 Fed. Reg. 18831-18860 (April 5, 2011) ("2011 Final Rule"). The 2011 Final Rule became effective on May 5, 2011, thirty days after publication.

## FACTUAL BACKGROUND

25.     The DOL, in issuing the 2008 NPRM, proposed to make only technical and non-substantive changes to the tip credit regulations, primarily to update those regulations to reflect subsequent statutory amendments and court decisions. The 2008 NPRM did not propose to make any material regulatory changes regarding the Section 3(m) requirement that that tipped employees must be "informed by the employer of the provisions of Section 3(m)." *See* 76 Fed. Reg. 43654, 43657 and 43659-60 (July 28, 2008).

26.     In a short discussion of the Section 3(m) notice requirement, the 2008 NPRM merely confirmed DOL's long-standing position that "[a]lthough written notice is frequently provided, it is not required to satisfy the employer's notice burden." 76 Fed. Reg. 43659 (July 28, 2008). DOL also cited, endorsed and adopted the Sixth Circuit

Court of Appeals position, which has been followed by other courts, that "while employees must be 'informed' of the employer's use of the tip credit, the employer need not 'explain' the tip credit." *Id.*, *citing Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998) ("'[A]n employer must provide notice to the employees, but need not necessarily 'explain' the tip credit . . . '[I]nform' requires less from an employer than the word 'explain.'").

27.     At no time did DOL state or otherwise indicate in issuing the 2008 NPRM that it was contemplating rejecting the established *Kilgore* decision or promulgating notice requirements contrary to that decision or that required employers to "explain" the tip credit.  In addition, the 2008 NPRM gave no indication that DOL was seeking public comments regarding the validity of the *Kilgore* decision, or other similar court decisions, or seeking comments regarding the adoption of notice requirements contrary to that decision.  Indeed, in the 2008 NPRM, DOL fully endorsed and adopted the *Kilgore* decision, stating that written notice regarding the tip credit requirements is not required and an employer does not have to "explain" the tip credit provision to tipped employees, rather informing employees that tips will be used as a credit against minimum wage is sufficient. *See* 76 Fed. Reg. 43659 (July 28, 2008).

28.     However, in publishing the 2011 Final Rule, DOL did, in fact, reject the holding in *Kilgore* and all or the majority of federal courts who have considered the issue of adequate notice under Section 3(m).  Specifically, the 2011 Final Rule as to the tip credit notice, 29 C.F.R. § 531.59(b), provides  that:

> Pursuant to section 3(m), an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, *i.e.:* The amount of the cash wage that is to be paid to the tipped employee by the

employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b); 76 Fed. Reg. 18844 (April 5, 2011).

29.     Nothing in the 2008 NPRM put the public on notice that significant changes to the notice requirements where being contemplated by DOL.  Therefore, DOL failed to provide the public with sufficient notice and opportunity to comment on the new tip credit notice requirements contained in the 2011 Final Rule.

30.     DOL itself acknowledged that the 2011 Final Rule was a major change from the 2008 NPRM stating: "Upon careful reexamination of the terms of the statute, its legislative history, and a review of the public comments, the Department is revising its interpretation from the NPRM of the level of explanation that employers must provide when informing tipped employees about the tip credit pursuant to section 3(m)."  76 Fed. Reg. 18844 (April 5, 2011).

31.     At a recent webinar conducted by WHD regarding the new tip credit notice requirements, *available at* http://www.dol.gov/whd/Hightlights/archived.htm, a DOL official characterized the changes to the tip credit notice requirements in the 2011 Final Rule, amending 29 C.F.R. § 531.59(b) as "significant."

32.     The tip credit notice requirements contained in the 2011 Final Rule also are arbitrary, capricious, an abuse of discretion and – as DOL admitted in the 2011 Final Rule – contrary to established law as stated in the *Kilgore* decision.

33. Interested parties, including many of Plaintiffs' members, now face an unanticipated, increased and unnecessary regulatory burden and expense in complying with the new tip credit notice requirements contained in DOL's Final 2011 Rule, even though DOL did not give any notice in the 2008 NPRM that such a new and additional burden was contemplated, and even though employers had no opportunity to comment on the new notice requirements. Employers were given only 30 days to comply.

34. The NRA met with DOL on May 3, 2011, and requested DOL either to withdraw the tip credit notice regulations and comply with the APA or, at a minimum, delay the implementation of the amended tip notice regulations by 90 days to permit reconsideration of the new notice requirements and allow the industry to submit comments to DOL for consideration. DOL refused to entertain either request and, instead, moved forward with the 2011 Final Rule regarding the tip credit notice requirements, which became effective on May 5, 2011.

35. Employers who are unaware of the new tip credit notice requirements or who were unable to comply with the new requirements within 30 days now face significant potential FLSA liability, as failure to provide the new notice to tipped employees invalidates an employer's use of the tip credit. Thus, an employer who has not yet given the new tip credit notice may be liable for back wages of $5.12 per hour work by all tipped employees – the difference between the minimum cash wage of $2.13 per hour and the current federal minimum wage of $7.25 per hour. *Wage and Hour Division Field Operations Handbook* at § 30d01(b).

36.     Therefore, on information and belief, DOL violated the APA, 5 U.S.C. §§ 701 *et seq.* when it promulgated the new tip credit notice requirements in the 2011 Final Rule.

37.     In addition, DOL, in publishing the Final 2011 Rule, stated that it "has determined that the final rule changes will not result in any additional compliance costs for regulated entities because the current compliance obligations derive from current law and not the outdated regulatory provisions that have been superseded years ago." 76 Fed. Reg. 18851 (April 5, 2011).  Contrary to DOL's statement and unsupported assertion, the Section 3(m) of the FLSA does not require employers to explain each of the specific elements in the new tip credit notice provision of the 2011 Final Rule.  Further, given the onerous new tip credit notice requirements contained in the Final 2011 Rule, compliance with the amended regulations will impose a substantial cost to numerous businesses, including many of Plaintiffs' members, and expose such businesses to regulatory violations and enforcement actions.  On information and belief, DOL violated the APA, 5 U.S.C. §§ 601 *et seq.* and 5 U.S.C. §§ 701 *et seq.,* when it promulgated the new tip credit notice requirements without conducting an adequate regulatory flexibility analysis and without complying with Executive Orders 12866 and 13563, including consideration of the cost of compliance based on a factual analysis rather than mere unsupported assertions.

## CLAIMS FOR RELIEF

## COUNT I

38.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 37 of this Complaint, as though fully set forth below.

39.     Under the Administrative Procedure Act, an "agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation." 5 U.S.C. § 553.

40.     This requirement prohibits an agency from adopting final rules that differ from its proposed rules "when the changes are so major that the original notice did not adequately frame the subjects for discussion." *Connecticut Light and Power Co. v. Nuclear Regulatory Comm'n*, 673 F.2d 525, 533 (D.C. Cir.), *cert. denied*, 459 U.S. 835, 103 S. Ct. 79, 74 L. Ed. 2d 76 (1982).

41.     A court must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law". 5 U.S.C. § 706(2)(D).

42.     The new tip notice requirements in DOL's 2011 Final Rule were not contemplated in the 2008 Notice of Proposed Rulemaking, and are major and material changes that the original notice did not adequately frame the new requirements as a subject for discussion.  Thus, DOL failed to provide the public with sufficient notice and opportunity to comment on the tip credit notice requirements contained in the 2011 Final Rule, even though Plaintiffs NRA and CSRA requested in writing that this be done some two weeks after DOL published the 2011 Final Rule on April 5, 2011.

43.     Specifically, nothing in the 2008 NPRM put the public on notice that DOL was contemplating the significant changes to the tip credit notice requirements contained in the 2011 Final Rule.  At no time did DOL state or otherwise indicate that it was considering rejecting the holding of the Sixth Circuit Court of Appeals, and all other

federal courts which have followed the Sixth Circuit, with regards to the notice requirements required for an employer to only "inform" employees of an intent to take a tip credit under Section 3(m) of the FLSA, and not that it had to "explain" such requirements.  Congress, under 29 U.S.C. § 20 3(m), only provided that employers could take a tip credit if employees were "<u>informed</u>…of the provisions of this subsection...."

44.    DOL admits that the 2011 Final Rule represents a significant revision from the 2008 NPRM's interpretation of the "level of *explanation* that employers must provide when informing tipped employees about the tip credit pursuant to section 3(m)." 76 Fed. Reg. 18844 (April 5, 2011) (emphasis added).

45.    Despite the substantial changes to the tip notice requirements contained in the 2011 Final Rule, employers had no opportunity to comment on the new notice requirements, and DOL gave employers only 30 days to comply.

46.    DOL only afforded employers 30 days notice to comply with the new requirements and no notice was given in the 2008 NPRM upon which to make comments for DOL consideration.

47.    Accordingly, Defendants have violated APA § 553 through the issuance of the 2011 Final Rule which was published without observance of the procedures required by law.

48.    Because of DOL's actions, Plaintiffs' members have suffered a harm as they were not permitted the opportunity to comment on the new tip notice requirements, as required by the APA, which resulted in a significant increase in their costs, substantial additional administrative burden, and legal claims for failure to comply with these new requirements.  Plaintiffs' members have also been harmed as DOL provided only 30 days

to comply with the new tip notice requirements and failure to so comply subjects members to potential liability.

49.     Plaintiffs' attempts to have DOL correct such failures were rejected by DOL, and thus they have no adequate administrative remedy for DOL's unlawful action as described herein.

## COUNT II

50.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 49 of this Complaint, as though fully set forth below.

51.     Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994); *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001).

52.     The DOL's tip credit notice regulation contained in the 2011 Final Rule was promulgated in violation of the APA, 5 U.S.C. §§ 701 *et seq.*, because the regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the FLSA tip credit provision, 29 U.S.C. § 203(m), because it conflicts with the DOL's previously announced positions and established case law, and are based on DOL's unsupported assertion in DOL's 2011 Final Rule that the changes will not result in any additional compliance costs.

53.     The 2011 Final Rule contradicts DOL's policy position set forth in the 2008 NPRM which states that with regards to the tip credit notification procedures under the FLSA, "[a]lthough written notice is frequently provided, it is not required to satisfy the employer's notice burden" and that "while employees must be 'informed' of the

employer's use of the tip credit, the employer need not 'explain' the tip credit." 76 Fed. Reg. 43659 (July 28, 2008).

54. In addition, the Sixth Circuit Court of Appeal's decision in *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294 (6th Cir. 1998), is established and settled law, followed by all or the majority of federal courts who have considered the issue of adequate notice under Section 3(m). DOL's new and contrary interpretation is arbitrary, capricious, an abuse of discretion and not in accordance with law.

55. Accordingly, Defendants have violated the APA, 5 U.S.C. §§ 701 *et seq.* through the promulgation of 2011 Final Rule.

56. Because of DOL's actions, Plaintiffs' members must now take steps and actions to administrative comply with the new requirements effective May 5, 2011, and thus have suffered a harm as they were not permitted the opportunity to comment on the new tip notice requirements, as required by the APA, which resulted in a significant increase in their costs and substantial additional administrative burden. Plaintiffs' members have also been harmed as DOL provided only 30 days to comply with the new tip notice requirements and failure to so comply subjects members to potential liability.

57. Plaintiffs have exhausted all available means to obtain DOL's agreement to comply with the APA, and have no adequate administrative remedy for DOL's unlawful actions as described herein.

## COUNT III

58. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 57 of this Complaint, as though fully set forth below.

59.     Executive Orders 12866 and 13563 require agencies to review existing and proposed regulations to identify whether they may be made more effective or less burdensome.  58 Fed. Reg. 51735 (Oct. 4, 1993); 76 Fed. Reg. 3821-23 (Jan. 21, 2011). Specifically, Executive Orders 12866 and 13563 require agencies, in promulgating regulations, to assess all costs and benefits of available regulatory alternatives, including the alternative of not regulating.  *Id.*  In particular, an agency must consider the costs of enforcement and *compliance* prior to implementing regulations.  58 Fed. Reg. 51735 (Oct. 4, 1993).  On information and belief, DOL did not follow these requirements as set forth in Executive Orders 12866 and 13563 when it issued the 2011 Final Rule.

60.     Executive Order 13563 also requires that regulations be adopted through a process that sufficiently involves public participation.  76 Fed. Reg. 3821-22 (Jan. 21, 2011).  Specifically, Executive Order 13563 requires that an agency afford the public a "meaningful opportunity to comment through the Internet on any proposed regulation, with a comment period that should generally be at least 60 days."  76 Fed. Reg. 3821-22 (Jan. 21, 2011).  In addition, Executive Order 13563 requires an agency, before issuing a notice of proposed rulemaking, to seek the views of those who are likely to be affected by such rulemaking.  *Id.* at 3822.  On information and belief, DOL did not follow these requirements as set forth in Executive Order 13563 when it issued the 2011 Final Rule.

61.     DOL, in issuing the tip credit notice requirements contained in the 2011 Final Rule, amending 29 C.F.R. § 531.59(b), concluded that the final rule changes will not result in any additional compliance costs to impacted entities.

62.     However, the onerous tip credit notice requirements will, in fact, result in substantial compliance costs to numerous businesses, including many of Plaintiffs'

members, and expose such members to compliance violations for failure to provide the notices, which would result in loss of the tip credit.

63.     Moreover, DOL gave no indication that it was considering such drastic modifications to the current tip credit notice requirements when it issued the 2008 NPRM. Therefore DOL did not adequately afford the public an opportunity to participate and comment upon the amendments issued to the existing regulations.

64.     Accordingly, Defendants have violated the APA, 5 U.S.C. §§ 701 *et seq.* through the issuance of the 2011 Final Rule which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with Executive Orders 12866 and 13563 and was published without observance of the procedures required by Executive Order 13563.

65.     Because of DOL's actions, Plaintiffs' members have suffered, and will continuously suffer, a harm as they were denied the opportunity to present evidence of the increased administrative burden and costs, particularly in this difficult economy, associated with new tip notice requirements contained in the 2011 Final Rule as required by the Executive Orders.

66.     Plaintiffs have no adequate administrative remedy for DOL's unlawful action as described herein.

## COUNT IV

67.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 66 of this Complaint, as though fully set forth below.

68.     Defendants have violated Sections 604, 605 and 611 of the APA by failing to conduct an adequate regulatory flexibility analysis as required under the under the APA.

69.     In issuing the tip credit notice requirements contained in the 2011 Final Rule, DOL concluded that the final rule changes will not result in any additional compliance costs to impacted entities, including small entities

70.     On information and belief, this statement is specious and unsupported as the tip credit notice requirements imposed by the 2011 Final Rule will result in substantial compliance costs to small entities, including many of Plaintiffs' members.

71.     On information and belief, DOL failed to consider the significant economic impact the new tip credit notice requirements will have on a substantial number of small entities.

72.     Accordingly, Defendants have violated the APA § 604 by failing to prepare the requisite final regulatory flexibility analysis.

73.     Because of DOL's actions, Plaintiffs' members, many of whom are small entities as defined by 5 U.S.C. § 601(6), have suffered a harm as DOL wholly failed to consider the economic impact the new tip credit notice requirements will have on small entities.  Plaintiffs' members have also been harmed as they were denied the opportunity to present evidence of the economic impact the new tip credit notice requirements will have, as is required by the APA.

74.     Plaintiffs have no adequate administrative remedy for DOL's unlawful action as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in its favor and:

1.      Declare that Defendants violated the APA by publishing 2011 Final Rule without providing sufficient notice and opportunity for public comment;

2.      Declare that the 2011 Final Rule amendments to the regulations regarding the tip credit notice requirements, 29 C.F.R. § 531.59(b), are arbitrary, capricious, an abuse of discretion and/or not in accordance with law.

3.      Vacate and set aside the new tip credit notice requirements in the 2011 Final Rule as set forth in amended regulation 29 C.F.R. § 531.59(b);

4.      Enjoin and restrain Defendants, their agents, employees, successors, and all persons acting in concert or participating with them from enforcing, applying, or implementing (or requiring others to enforce, apply, or implement) the new tip credit requirements contained in the 2011 Final Rule, which amended regulation 29 C.F.R. § 531.59(b);

5.      Award Plaintiffs their costs of litigation, including reasonable attorney's fees; and

6.      Grant Plaintiffs such other relief as may be necessary and appropriate or as the Court deems just and proper.

Respectfully Submitted,

LITTLER MENDELSON, P.C.

Dated:  June 15, 2011

Tammy D. McCutchen (*pro hac* application to
be filed)
Paul J. Kennedy (Bar No. 428623)
S. Libby Henninger (Bar No. 976352)
1150 17th Street, N.W., Suite 900
Washington, DC  20036
(202) 842-3400  Telephone
(202) 842-0011  Facsimile

Lisa A. Schreter (*pro hac* application to be
filed)
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA 30326.4803
(404) 233-0330 Telephone
(404) 233-2361 Facsimile

Attorneys for Plaintiffs