**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NATIONAL RESTAURANT ASSOCIATION, et al.** | |
| **Plaintiffs,** | **Case No. 1:11-cv-01116 ABJ** |
| **v.** | |
| **HILDA L. SOLIS, et al.,** | |
| **Defendants.** | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT**
**OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs National Restaurant Association ("NRA"), the Council of State Restaurant Associations, Inc. ("CSRA"), and the National Federal of Independent Business ("NFIB") (collectively "Plaintiffs") hereby file their Reply Memorandum In Support Of Their Cross-Motion For Summary Judgment.

On April 5, 2011, the U.S. Department of Labor ("DOL" or "Defendants") issued final regulations imposing substantial and material new notice requirements on employers who pay tipped employees under the "tip credit" method, as allowed under Section 3(m), 29 U.S.C. § 203(m), of the Fair Labor Standards Act ("FLSA").  *Updating Regulations Issued Under the Fair Labor Standards Act, Final Rule*, 76 Fed. Reg. 18844 (April 5, 2011) ("2011 Final Rule"). The new tip credit notice requirements in the 2011 Final Rule are a complete reversal from the regulations proposed in 2008.  *Updating Regulations Issued Under the Fair Labor Standards Act*, 73 Fed. Reg. 43654 (July 28, 2008) (2008 NPRM).  Thus, DOL issued 2011 Final Rule in violation of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* (the "APA") by failing to provide the public with notice and a sufficient opportunity to comment on the new tip credit notice requirement.  The 2011 Final Rule also is arbitrary, capricious and manifestly contrary to

1

law, and was issued in violation of the Regulatory Flexibility Act, 5 U.S.C. § 601, *et seq.*
Defendants' arguments to the contrary are without merit.

Plaintiffs request that the Court grant summary judgment in favor of the Plaintiffs, deny
Defendants' Motion to Dismiss and/or for Summary Judgment, and enter an order vacating the
new tip credit notice requirements codified at 29 C.F.R. § 531.59(b).

## I.    DOL FAILED TO PROVIDE THE PUBLIC WITH ADEQUATE NOTICE OF CHANGES TO THE TIP CREDIT NOTICE REQUIREMENT

Defendants argue that the 2011 Final Rule is a logical outgrowth of the proposed
regulations published by DOL in 2008, and thus does not violate the APA. *Updating Regulations
Issued Under the Fair Labor Standards Act*, 73 Fed. Reg. 43654 (July 28, 2008) (2008 NPRM).
However, Defendants' reasoning is unsupported by facts or law.

*First,* Defendants erroneously contend that the logical outgrowth standard is somehow
different, implying a higher burden for Plaintiffs to meet, because the new tip credit regulations
are "not the sort of complex regulatory action that might depend heavily on factual data or study
of industry standards."  Reply Memorandum In Support Of Defendants' Motion To Dismiss, Or,
In The Alternative For Summary Judgment, And Opposition To Plaintiffs' Cross-Motion For
Summary Judgment at 5 ("Defendants' Opposition").   Neither decision cited by Defendants
indicates a different standard applies depending on the perceived complexity or lack of
complexity of the regulations at issue.  Further, especially for small businesses, the 2011 Final
Rule does impose complex new requirements, and one innocent mistake can invalidate the use of
the tip credit resulting in significant back wage liability.

*Second,* contrary to Defendants' argument, the 2011 Final Rule did not merely "improve"
or "modify" the 2008 NPRM.  Defendants' Opposition at 6.  Rather, in the 2011 Final Rule,
DOL made a complete 180 degree turn.  The 2008 NPRM contains only a single sentence (with
citations to two cases) discussing the Section 3(m) requirement: "Additionally, while employees

must be 'informed' of the employer's use of the tip credit, *the employer need not 'explain' the tip credit*." 73 Fed. Reg. at 43659 (emphasis added).   In the 2011 Final Rule, DOL completely reversed course – taking two pages in the Federal Register to argue that the Section 3(m) does require employers to "explain" the tip credit to employees.  76 Fed. Reg. at 18842-44.  Instead of a simple verbal notification that the employer intends "to treat tips as satisfying part of the employer's minimum wage obligations," the 2011 Final Rule amended 29 C.F.R. § 531.59(b) to require employers to provide each tipped employee with a detailed notice including five separate and essential disclosures:

1. The amount of the cash wage that is to be paid to the tipped employee by the employer;

2. The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer;

3. That the amount of the tip credit claimed may not exceed the value of the tips actually received by the employee;

4. That all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

5. That the tip credit shall not apply to any employee who has not been informed of these requirements.

*Compare* 2008 NPRM, 73 Fed. Reg. at 43668, *with* 2011 Final Rule, 76 Fed. Reg. at 18856.  The 2011 Final Rule constituted a material change from the 2008 NPRM and was a complete reversal of DOL's position – not a mere "modification" or "improvement" – and nothing in the 2008 NPRM put the public on notice that DOL was contemplating such changes and reversal.

        *Third,* Defendants' reliance on a selection of "multiple insightful comments" suggesting that DOL reverse its position on the Section 3(m) notice requirement is also contrary to law and fact.  Defendants' Opposition at 6, 8-11.  Public comments received during a comment period, after issuance of an NPRM do not provide sufficient notice under the APA:  "As a general rule,

[an agency] must *itself* provide notice of a regulatory proposal.  Having failed to do so, it cannot

bootstrap notice from a comment," submitted after the NPRM is issued.  *AFL-CIO v. Donovan*,

757 F.2d 330, 340 (D.C. Cir. 1985), *quoting Small Refiner Lead Phase-Down Task Force v.*

*EPA*, 705 F.2d 506, 549 (D.C. Cir. 1983) (emphasis in original).

This "general rule" is particularly applicable here, where only four comments included

substantive discussion of the Section 3(m) notice requirements – and all of these were filed by

*employee* representatives.[1]   Nothing in any of the comments filed by *employer* representatives

suggest that they had notice that DOL was contemplating material changes from the regulations

proposed in the 2008 NPRM and a complete reversal of its position on the Section 3(m) notice

requirements.[2]   Also striking is the absence of any discussion of the Section 3(m) "inform"

requirement in the comments submitted by UNITE-HERE, AR 000175-184, which represents

tipped employees in the hotel, gaming, and restaurant industries.  Certainly, if DOL had provided

sufficient notice of what the Final Rule now requires, one would expect that the union with

perhaps the most members who would be impacted by the new tip credit notice requirements

would have commented on the issue.  *See Chocolate Mfrs. Assn. v. Block*, 755 F.2d 1098, 1105

(4th Cir. 1985), *citing Wagner Elec. Corp.*, 466 F.3d at 1019-20 (noting evidence of inadequacy

of notice of a final rule demonstrated by the absence of comments from groups which could be

expected to oppose the proposal).  An "exercise in 'looking over a crowd and picking out your

---

[1]  *See* AR 000034-36 (comments from employee-side law firm Bruckner Burch PLLC), AR 0000124-126 (comments from AFL-CIO), AR 0000150-152 (comments from the National Employment Lawyers Association), and AR 0000259-260 (comments from the National Employment Law Project).

[2]  In fact, only three employer representatives filed comments mentioning Section 3(m). Comments submitted by Epstein Becker & Green focused on whether Section 3(m) requires employers to provide notice of their "intent" to use the tip credit – in other words, to provide employee with notice in advance.  AR 0000425-431.  The comments submitted by the Chamber of Commerce and Littler Mendelson merely congratulated DOL for proposing to finally incorporate into their regulations the 1974 Congressional amendments to Section 3(m) and the established case law.  AR 00000185-192 (Littler); AR 0000193-201 (Chamber).

friends,' does not advise interested parties how to direct their comments and does not comprise adequate notice under APA § 553(c)."  *Envtl. Integrity Project*, 425 F.3d at 998, *quoting Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 125 S. Ct. 2611, 2626 (2005).

*Fourth,* Defendant's argument that the 2011 Final Rule did not impose material new or additional requirements on employers, but rather is derived entirely from the text of the statute is contradicted by the existing federal case law and DOL's own statements.  Defendants' Opposition at 10.  The 2011 Final Rule requires employers to "explain" the tip credit provision in great detail, although the consensus of federal courts, as indicated in *Kilgore v. Outback Steakhouse of Florida, Inc.,* 160 F.3d 294 (6th Cir. 1998), have held that Section 3(m) does not require employers to provide such explanations.   This disagreement between DOL and federal courts certainly is evidence that the new notice requirements are not merely "derived entirely from the text of the statute."   Indeed, Defendants' have conceded that the 2011 Final Rule represents a "significant" change in DOL's interpretation of the Section 3(m) notice requirements – both in the Preamble to the 2011 Final Rule and in its statements to the public. *See e.g.,* 76 Fed. Reg. at 18844 ("the Department is revising its interpretation from the NPRM of the level of explanation that employers must provide when informing tipped employees about the tip credit");   WHD   webinar,   *FLSA   Clean-Up,   Tipped   Employees,   available   at* www.dol.gov/whd/Hightlights/archived.htm (changes to the tip credit notice requirements characterized as "significant").[3]   DOL cannot now claim that the changes were minor and inconsequential.

---

[3] Defendants' ask the Court to ignore DOL's own statements regarding the significance of the changes made in the 2011 Final Rule because the webinar occurred after issuance of the Final Rule and was not made a part of the administrative record by DOL.  However, this court may take judicial notice of information available to the public on DOL's website.  Fed. R. Evid. 201 (court can take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

*Finally,* Defendants erroneously contend that a decision to vacate the 2011 Final Rule would "create a regulatory vacuum in which workers will face the risk of receiving far less information about the tip credit than the law requires." Defendants' Opposition at 7. There is no legal basis for Defendants' "regulatory vacuum" standard for determining if an agency provided sufficient notice under the APA. Further, the argument is factually wrong. Section 3(m) of the FLSA has provided that tipped employees must be "informed by the employer of the provisions of this subsection" *since 1974*. The 2011 Final Rule is the first time that DOL implemented regulations discussing the Section 3(m) notice requirement – a "regulatory vacuum" of 37 years. In the absence of DOL guidance, employers have followed and would continue to follow existing federal case law as reflected in the *Kilgore* decision. Employees will not be harmed by the additional few months it would take DOL to publish a new Notice of Proposed Rulemaking, if that is their choice, giving the public a fair opportunity to participate in the rulemaking process. The APA requires nothing less.

## II.   THE 2011 FINAL RULE IS ARBITRARY, CAPRICIOUS, OR OTHERWISE NOT IN ACCORDANCE WITH LAW

Defendants argue that the 2011 Final Rule is not arbitrary or capricious because the final rule "does no more than to accurately reflect the statutory language of Section 3(m)" and "carefully tracks the language of Section 3(m)". Defendants are wrong.

The statute requires only that a tipped employee "has been informed by the employer of the provisions of this subsection." 29 U.S.C. § 203(m). The consensus of federal case law is that employers need not "explain" the tip credit provision in detail. Rather, an employer need only inform tipped employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations. *See, e.g., Kilgore,* 160 F.3d at 298 ("[A]n employer must inform the employee that it intends to treat tips as satisfying part of the employer's minimum wage obligation . . . but need not necessarily 'explain' the tip credit"); *Martin v.*

*Tango's Restaurant, Inc.*, 969 F.2d 1319, 1322-23 (1st Cir. 1992) ("at the very least notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations."); *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994) ("Section 3(m) therefore allows an employer to reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips, but only if the employer informs the tipped employee that her wage is being decreased under section 3(m)'s tip-credit provision.").

The 2011 Final Rule imposes new and detailed disclosure obligations, which go well beyond the statutory "inform" requirement as that term has been interpreted by federal courts – as DOL conceded in the Preamble: "we choose to not be guided by those [federal court] decisions" and thus, "the Department is revising its interpretation from the NPRM of the *level of explanation* that employers must provide".   76 Fed. Reg. at 18844.   Defendants' argument (Opposition at 13-15) that the federal cases which DOL chose "to not be guided by" in the Preamble actually provide legal support for the new notice requirements is a misreading of those cases.   None of the cases discussing the Section 3(m) "inform" requirement establish that the FLSA requires the detailed and specific disclosures now required by the 2011 Final Rule.

## III.    THE 2011 FINAL RULE VIOLATED THE REGULATORY FLEXIBILITY ACT.

Defendants continue to argue that DOL complied with the Regulatory Flexibility Act because the 2011 Final Rule will not result in any additional compliance costs because "the rule does not require explanation" and "rule does not require the information to be provided in writing."   Opposition at 17.   However, DOL itself acknowledged the importance of written notice in the 2011 Final Rule when it urged employers to provide written notice "since a physical document would, if the notice is adequate, permit employers to document that they have met the requirements of section 3(m) and the Department's regulations to 'inform' tipped employees of the tip credit provision."   76 Fed. Reg. at 18844.   Employers do not often ignore such

recommendations from federal agencies, especially given the significant liabilities that employers will face if they cannot prove they provided tipped employees with the detailed and specific disclosures required by the 2011 Final Rule. Allowing DOL to "recommend" that employers provide written notice while at the same time excusing them from analyzing the costs of providing such notice is contrary to the purpose of the Regulatory Flexibility Act.

## IV.    CONCLUSION

For the reasons set forth above, and set forth in detail in Plaintiffs' Memorandum Of Points And Authorities In Support Of Their Cross-Motion For Summary Judgment And In Opposition To Defendants' Motion To Dismiss, Or, In The Alternative, Motion For Summary Judgment, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, and grant summary judgment in favor of Plaintiffs.

Dated:  January 6, 2012                    Respectfully submitted,

                                            __/s/ Lindsey H. McGinnis_____
                                            Tammy D. McCutchen (*pro hac* filed)
                                            Paul J. Kennedy (Bar No. 428623)
                                            S. Libby Henninger (Bar No. 976352)
                                            Lindsey H. McGinnis (Bar No. 498549)
                                            Littler Mendelson, P.C.
                                            1150 17th Street, N.W., Suite 900
                                            Washington, DC  20036
                                            (202) 842-3400  Telephone
                                            (202) 842-0011  Facsimile

                                            Lisa A. Schreter (*pro hac* filed)
                                            Littler Mendelson, P.C.
                                            3344 Peachtree Road N.E., Suite 1500
                                            Atlanta, GA 30326.4803
                                            (404) 233-0330 Telephone
                                            (404) 233-2361 Facsimile

                                            Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January 2012, a copy of the foregoing

Memorandum was served electronically, via the Court's ECF filing system, upon the following:

Tony West
Assistant Attorney General
Civil Division
P.O. Box 883
Washington, DC 20001

Judry L. Subar
Assistant Branch Director
Federal Programs Branch
P.O. Box 883
Washington, DC 20001

Adam C. Siple
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20001

Counsel for Defendants

/s/  Lindsey H. McGinnis
Lindsey H. McGinnis

Counsel for Plaintiffs